IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 26, 2024 Session

## RODNEY N. WASHINGTON v. MUSIC CITY AUTOPLEX, LLC

**Appeal from the Circuit Court for Davidson County**
**No. 22C875   Amanda Jane McClendon, Judge**

———————————————————

**No. M2023-00286-COA-R3-CV**

———————————————————

This is an appeal from a trial court's dismissal of a complaint for race discrimination for failure to state a claim. For the following reasons, we affirm the decision of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Gary Dean Copas, Nashville, Tennessee, for the appellant, Rodney N. Washington.

Courtney Leyes and Emily Ann Warwick, Nashville, Tennessee, for the appellee, Music City Autoplex, LLC.

## MEMORANDUM OPINION[1]

### I.   FACTS & PROCEDURAL HISTORY

Plaintiff Rodney Washington filed this lawsuit against his former employer, Music

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

City Autoplex, LLC.  At the outset, Plaintiff's complaint stated that it was filed pursuant to the Tennessee saving statute and that Plaintiff had voluntarily dismissed a suit he originally filed in federal district court.  Because all of Plaintiff's claims in this action were eventually dismissed for failure to state a claim, we quote the following factual allegations from his complaint, omitting only some details regarding his medical history and condition:

<u>OCCURRENCES AND EVENTS</u>

4.      The Defendant is in the business of selling used cars and vehicles. The Defendant is an employer as defined under T.C.A. § 4-21-102(5) and (14) of the Tennessee Human Rights Act ("THRA").

5.      The Defendant hired the Plaintiff as a car/vehicle salesman in its business located at 2430 Gallatin Pike N in Madison, Davidson County, Tennessee. The Plaintiff had substantial experience and record as a car salesman in the local marketing area of the Defendant at time of hire.

6.      The Plaintiff is identified as "African-American/Black" and is a member of a protected class under federal and state law and for purpose of a discrimination claim.

7.      The Plaintiff's hiring paperwork included an employee handbook included in the hiring employment agreement.

8.      The Plaintiff has a medical history [details omitted] . . . . Public disclosure of the disability is embarrassing and humiliating.

9.      His employment supervisors were aware of the disability and made public embarrassing and humiliating statements in his presence and in the presence of the business and other employees causing emotional distress. The statements continuously used such identification terms [referencing his genitals]. They intentionally caused emotional distress by not letting-up and not responding to the emotional pain and suffering which he presented to them by his immediate response and countenance.

10.      The embarrassing and humiliating statements were continuous and pervasive in the workplace and created a hostile environment and a pattern of intentional harassment, causing emotional injury. The resulting emotional injury required continuous psychiatric medical attention and treatment. The conduct was outrageous and the actions were intentional and malicious.

11.      The Plaintiff reached the point after February 14, 2020 that he could not take any more aggravation, ridicule and harassment from his supervisors. He complained in writing to the General Manager that he could not take any more of the hostile and ridiculing environment and harassment from his supervisors and that he needed immediate protection from such environment and harassment. The Defendant did not find that the supervisors' harassing conduct was serious enough to result in any discipline. The Plaintiff became extremely disheartened and was fearful of retaliation upon return to work as the result of the Defendant's refusal to invoke any discipline. The Plaintiff was shortly thereafter instructed by his psychiatrist to remove himself from

the harassment.

12. No other employee of the Defendant has been treated in like manner by the supervisors as the Plaintiff has been treated by the hostile environment and harassment. The Plaintiff has been disparately treated by the Defendant in a discriminatory manner.

13. The attending psychiatrist has diagnosed the Plaintiff's emotional injury as a psychiatric illness, and the Plaintiff has been found by the Social Security Administration to be disabled for any gainful employment.

14. The Plaintiff was constructively discharged from his employment as the result of the emotional injury caused by the continuous harassment and outrageous conduct which aggravated his psychiatric illness.

15. During the Plaintiff's employment, the Defendant discriminated against the Plaintiff because of his race with respect to the terms, conditions and privileges of employment. The Defendant's actions were in violation of the THRA.

16. During the Plaintiff's employment, the Defendant created, allowed and failed to remedy a racially hostile work environment that altered the Plaintiff's working conditions. The Defendant's actions were in violation of the THRA.

17. The Plaintiff was treated by the Defendant's actions in a manner not presented to similarly situated non-African-American employees. The Plaintiff was not afforded the disciplinary relief provided by the Defendant's policy for the harassment the Plaintiff experienced in the workplace. The Defendant's position that the actions were not harassment but "purely [']joking[']- not meant to offend or demean" is a pretext. The pervasive pattern of the harassment, the workplace treatment of the Plaintiff (a member of a protected class) in a manner not similar to non-African-American employees, the Defendant's failure to discipline for the harassment, and the pretext excuse for the failure, present a mosaic which proves the intent of racial discrimination by circumstantial evidence.

The complaint then set forth what it separated into three causes of action: (1) "Claim for Race Discrimination and Racially Hostile Work Environment and Harassment in Violation of THRA, T.C.A. § 4-21-101, *et seq*.," (2) "Claim for Malicious Harassment in Violation of Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq*.," and (3) a common law claim for intentional infliction of emotional distress.

The first claim, which Plaintiff described as "Race Discrimination and Racially Hostile Work Environment and Harassment," incorporated by reference the previous paragraphs in the complaint and additionally alleged, in pertinent part:

24. Defendant discriminated against Plaintiff in the terms, conditions and privileges of his employment and constructively discharged Plaintiffs from

- 3 -

his employment because of his race and for his refusal to participate in Defendant's racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment, in violation of the THRA.

25. Defendant created, allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions in violation of the THRA.

The second claim, for "Malicious Harassment in Violation of Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq*.," alleged, in pertinent part:

30. Plaintiff held under the Equal Protection clause of the Fifth Amendment and the Due Process clause of the Fourteenth Amendment of the U.S. Constitution a protected constitutional right. As the result of the malicious harassment by the Defendant in violation of Tenn. Code Ann. § 4-21-101, *et seq*. Defendant discriminated against Plaintiff in the terms, conditions and privileges of his employment and constructively discharged Plaintiffs from his employment because of his race in violation of such protected constitutional right, causing irreparable emotional and psychiatric injury to the Plaintiff.

For the third claim, Plaintiff alleged, in relevant part:

35. The Plaintiff's emotional distress suffered by the Defendant's actions was severe and caused a psychiatric and mental injury resulting in disability for gainful employment. The conduct of the Defendant in the workplace causing the injury as herein above described was extreme and outrageous. Such conduct of the Defendant was done with a specific intent to cause emotional distress.

For all of these claims, Plaintiff alleged that Defendant was liable for compensatory and punitive damages in addition to attorney fees.

Defendant filed a motion to dismiss for failure to state a claim pursuant to Tennessee Rule of Civil Procedure 12.02(6). Defendant pointed out, as Plaintiff noted in his complaint, that suit was originally filed in federal district court. However, Defendant explained that Plaintiff's original allegations of discrimination were not based on race. Plaintiff had filed a charge with the Equal Employment Opportunity Commission alleging "disability" discrimination and "sex" discrimination but not race discrimination. In that charge, he alleged that he was subjected to derogatory comments regarding his disability on a single date, and he did not check the box to indicate any continuing action or discrimination. The complaint he originally filed in federal court was likewise based on disability discrimination, not race discrimination. After Defendant filed a motion to

dismiss in federal court, Plaintiff filed an amended complaint to allege racial discrimination for the first time. However, he later voluntarily dismissed his action. Defendant asserted that the complaint Plaintiff filed in this state court lawsuit identified his race but contained no other facts related to race that would set forth claims for racial discrimination. According to Defendant, Plaintiff's state court complaint was a "thinly veiled attempt" to evade the inadequacies of his disability claims, with an "identical iteration" of his disability claim in a "repackaged" complaint.

Defendant's motion to dismiss went on to analyze each of the claims set forth in Plaintiff's state court complaint and the elements required to prove each one. For instance, for a race discrimination claim under the THRA, Defendant asserted that a Plaintiff must allege four separate elements: (1) he is a member of a protected class, (2) he was qualified for the position, (3) he was subject to an adverse employment action, and (4) he was replaced by someone outside of his protected class *or* other similarly situated employees outside the protected class were treated more favorably. Defendant claimed that Plaintiff's complaint established the first element by identifying his race but otherwise failed to allege any specific facts, beyond conclusory allegations, demonstrating that he experienced an adverse employment action because of his race or was treated differently because of his race. Defendant repeated the same type of analysis for a claim of hostile work environment and its various elements, a claim for malicious harassment and its elements, and a claim for intentional infliction of emotional distress and its elements. In conclusion, Defendant argued that although Plaintiff's "newly filed Complaint informs the Court of his race, there are no facts offered to exemplify the conclusory alleged race discrimination, racially hostile work environment, or malicious harassment claims," and he "fails to articulate any specific allegations in support of his IIED claim beyond a recitation of the elements." Accordingly, Defendant sought dismissal of all counts for failure to state a claim upon which relief can be granted. Defendant also sought an award of attorney fees upon dismissal. Defendant attached to its motion to dismiss the various documents referenced from the federal district court proceedings and the EEOC dismissal. In response to the motion to dismiss, Plaintiff filed a motion to exclude all matters filed by Defendant in support of the motion to dismiss as "outside the pleadings." Alternatively, Plaintiff asked the court to treat the motion as one for summary judgment and permit Plaintiff to pursue discovery.

Upon review of the motion and response, the trial court granted Defendant's motion to dismiss for failure to state a claim as to all counts asserted in the complaint. The trial court's memorandum opinion began with a section entitled, "Relevant Facts and Procedural History," in which the court described the previous federal court lawsuit that Plaintiff had filed and voluntarily dismissed. The trial court explained that "[Plaintiff] has now initiated a Tennessee state court action, asserting common law intentional infliction of emotional distress and several violations of the THRA, including race discrimination, racially hostile work environment, and malicious harassment," but "[o]ther than alleging that [Plaintiff] identifies as 'African-American/black,' there are no facts alleged in the newly filed complaint related to [Plaintiff's] race." The trial court devoted eight pages of

its order to its "Conclusions of Law," separately analyzing the elements for a racial discrimination claim under the THRA, a hostile work environment claim, a malicious harassment claim, and a claim for intentional infliction of emotional distress. Ultimately, the trial court found that Plaintiff had failed to state a claim for any of these four causes of action, such that it was proper to grant Defendant's motion and dismiss the complaint in its entirety.

Defendant filed a motion for costs and attorney fees pursuant to Tennessee Code Annotated section 20-12-119. Plaintiff then filed a motion to alter or amend, raising several arguments. Relevant to this appeal, Plaintiff argued that the trial court had failed to resolve his motion to either exclude the documents attached to the motion to dismiss as "outside the pleadings" or treat the motion as one for summary judgment. In addition, Plaintiff argued that his complaint was only required to include a short and plain statement of the claims asserted and that a complaint need not contain detailed allegations of all the facts giving rise to a claim.

The trial court denied Plaintiff's motion to alter or amend on all grounds. It first noted Plaintiff's argument regarding his motion to exclude the documents attached to the motion to dismiss. The trial court found that Defendant had not submitted evidence "outside the Complaint" by providing the pleadings from the federal court action because "Plaintiff himself referenced the federal court action in the first paragraph of his Complaint." The trial court found that Plaintiff's reference to the prior lawsuit "opened the door for Defendant to provide the public court documents to this Court," and these documents were "public record upon which the Court could rely." In any event, however, the court noted that it only referenced the federal court case and disposition "in its recitation of the facts in the [] Order, but did not make reference to those documents in its conclusion of law nor did it rely upon those documents in making its decision." Finally, the trial court acknowledged Plaintiff's insistence that he had sufficiently alleged the elements of his race discrimination claims. However, the trial court explained that Plaintiff was simply attempting to relitigate issues already adjudicated when the court had fully addressed the matters in its order of dismissal. The trial court awarded Defendant attorney fees in the amount of $9,130.25 pursuant to Tennessee Code Annotated section 20-12-119. Plaintiff timely filed a notice of appeal.

## II.   ISSUES PRESENTED

Plaintiff presents the following issues for review on appeal:

1.   Whether the trial court erred in denying Plaintiff's motion to exclude all matters filed by Defendant in support of its Rule 12.02(6) motion.
2.   Whether the trial court erred in not treating Defendant's Rule 12.02(6) motion as a Rule 56 motion for summary judgment and continuing the hearing on the motion for compliance with all rights and requirements

under Rule 56.

3. Whether the trial court erred in granting Defendant's Rule 12.02(6) motion to dismiss.

4. Whether the trial court erred in the grant of Defendant's costs and attorney fees.

For the following reasons, we affirm and remand for further proceedings.

### III. DISCUSSION

#### A. *Attached Documents*

We begin with Plaintiff's first two issues regarding the documents attached to Defendant's motion to dismiss. Plaintiff argues that the trial court should have granted his motion to exclude all of the documents because they were not the types of documents that are subject to judicial notice, they were not central to his claims, and he did not "open the door" for consideration of the documents simply by referencing the prior litigation in his complaint. In response, Defendant argues that "[Plaintiff's] arguments are inconsequential because, as noted by the Trial Court, the Trial Court premised its decision upon the insufficient substance in [Plaintiff's] State Court Complaint, and not the Federal Court Action pleadings attached by [Defendant]." We agree with Defendant in this regard.

As the trial court explained in its order denying the motion to alter or amend, its order of dismissal "did not explicitly rule upon Plaintiff's Motion to Exclude," but it referenced the federal court proceedings only in its section regarding the facts and procedural history of the case, and "did not make reference to those documents in its conclusion of law nor did it rely upon those documents in making its decision." Instead, the trial court thoroughly analyzed all of the claims set forth in Plaintiff's complaint and explained in detail why each one failed to state a claim upon which relief could be granted. Therefore, it is not necessary to analyze Plaintiff's arguments on appeal regarding whether these are the types of documents that could be considered in connection with a motion to dismiss, as the trial court ultimately "did [not] rely upon those documents in making its decision." Any alleged error regarding those issues would be harmless. *See* Tenn. R. App. P. 36(b); *Feldman v. Tenn. Bd. of Med. Examiners*, No. M2010-00831-COA-R3-CV, 2011 WL 2536471, at *18 (Tenn. Ct. App. June 27, 2011) ("Because the alleged error would be harmless in any event, we will not consider the issue."); *Atkinson v. State*, 337 S.W.3d 199, 210 (Tenn. Ct. App. 2010) ("Assuming for the sake of argument that the Commission erred when it excluded this evidence, the decision did not affect its judgment or prejudice the judicial process. We accordingly hold that the alleged error was harmless.").

For its second issue, Plaintiff argues that the trial court erred in not treating the Rule 12.02(6) motion as a Rule 56 motion for summary judgment, as Plaintiff argues that the trial court should have continued the hearing and given him the opportunity to submit

materials pertinent to a Rule 56 motion. Again, we disagree. "[W]here a trial court *considers* matters outside the pleadings, a motion to dismiss is converted to a motion for summary judgment and an appropriate opportunity for discovery must be provided to the parties." *Belton v. City of Memphis*, No. W2015-01785-COA-R3-CV, 2016 WL 2754407, at *3 (Tenn. Ct. App. May 10, 2016) (emphasis added). However, as this Court has explained:

> A motion to dismiss "is not automatically converted at the time a party files matters outside the pleadings." *England v. Schnur*, No. E2017-00085-COA-R3-CV, 2017 WL 5901019, at *2 (Tenn. Ct. App. Nov. 29, 2017). Rather, "'[a] motion to dismiss is converted to a motion for summary judgment when the trial court states, or the evidence shows, that it 'considered' matters outside the pleading.'" *Id.* (quoting *Asbury v. Lagonia-Sherman, LLC*, No. W2001-01821-COA-R3-CV, 2002 WL 31306691, at *3 n.1 (Tenn. Ct. App. Oct. 15, 2002)). "'[T]he trial court need not *expressly* state that it has chosen to exclude such matters filed with the motion, but the circumstances may indicate that it excluded such information[.]'" *Id*. at *3 (quoting *Asbury*, 2002 WL 31306691, at *3); *see, e.g., Bartley v. Nunley*, No. E2019-01694-COA-R3-CV, 2020 WL 5110302, at *8 (Tenn. Ct. App. Aug. 28, 2020) ("[W]e cannot agree with [appellant's] contention that because the trial court did not expressly exclude the deposition transcript in its judgment, the motion must be converted to one for summary judgment. The trial court did not mention or reference the deposition transcript whatsoever in its judgment.").

*Elvis Presley Enterprises, Inc. v. City of Memphis*, No. W2019-00299-COA-R3-CV, 2022 WL 854860, at *17 (Tenn. Ct. App. Mar. 23, 2022). Here, the trial court *did* expressly state that it "did [not] rely upon those documents in making its decision," and furthermore, it "did not make reference to those documents in its conclusion[s] of law." Thus, it was not required to convert the motion to one for summary judgment. *See, e.g.*, *Elvis Presley Enterprises*, 2022 WL 854860, at *17 ("[C]onstruing the order as a whole, it is clear that the trial court did not consider extraneous evidence such that the motions to dismiss were converted to summary judgment motions."); *Harlan v. Cornerstone Church of Nashville, Inc.*, No. M2017-00671-COA-R3-CV, 2018 WL 1719415, at *3-4 (Tenn. Ct. App. Apr. 9, 2018) (rejecting the plaintiffs' argument that "the trial court converted [defendant's] Motion to Dismiss into a motion for summary judgment by considering matters other than the Complaint, and that [plaintiffs] should have been given the opportunity to conduct discovery before their claims were summarily dismissed," where twelve exhibits were attached to the motion to dismiss but "it was not necessary for the trial court to look beyond the four corners of the Complaint to answer the[] questions" presented).

### B. Failure to State a Claim

The next issue Plaintiff raises on appeal is whether the trial court erred "in granting Defendant's Rule 12.02(6) motion to dismiss." In this section of his brief on appeal, Plaintiff first raises an argument regarding the EEOC documents that were attached to Defendant's motion to dismiss. Again, however, the trial court did not rely on those documents when granting Defendant's motion to dismiss the complaint for failure to state a claim. As Defendant correctly notes in its brief, the trial court relied on the allegations of the state court complaint to determine whether any of the various counts asserted had stated a claim for relief.

The remainder of this section of Plaintiff's brief states, in its entirety:

Again, the trial judge has misapplied the interpretation of the application of a prima facie case. A prima facie case presents circumstantial evidence, not direct evidence (i.e., specific facts (V2 / 187) as required by the trial judge). Circumstantial evidence is defined by inferences. Direct evidence is evidence that proves the existence of a fact without requiring any inferences. *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004). A circumstantial discrimination claim is evaluated using the familiar burden-shifting approach established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

To establish a prima facie claim of discrimination, a plaintiff must show (1) [he] is a member of a protected class; (2) [he] was qualified for the job; (3) (he) suffered an adverse employment action; and (4) [he] was treated differently than similarly situated employees outside of [his] protected class. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). The pleadings show that the Plaintiff was qualified for the job. *Constructive discharge* is recognized as one type of adverse employment action. *Crews v. Buckman Laboratories, International, Inc.*, 78 S.W.3d 852, 865 (Tenn. 2002). The pleadings also show, and plead, constructive discharge as the result of the emotional injury caused by the continuous harassment and outrageous conduct which aggravated his psychiatric illness. (V1 / 4-5) The fourth element is observable by the Plaintiff due to the small contained premises of the Defendant's business and can be verified by discovery. A prima facie case is therefore made under *McDonnell* and the dismissal should be set aside.

Furthermore, the liberal Rule 8 notice pleading requirements which our Supreme Court has pronounced and preserved in *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) have been satisfied by the Appellant's pleadings in the Complaint. As stated in *Webb*, the Complaint need not contain in minute detail the facts that give rise to the claim, *it must contain direct allegations on every material point* necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested by the pleader, *or <u>contain allegations from which an inference may</u>*

*fairly be drawn that evidence on those material points will be introduced at trial.* The Complaint satisfies the foregoing and the dismissal should be set aside.

In its brief as appellee, Defendant argues that Plaintiff failed to assert any error with regard to the dismissal of his claims for malicious harassment or intentional infliction of emotional distress, and therefore, this Court should deem those issues waived on appeal. We agree, but our finding of waiver extends beyond that asserted by Defendant. Again, Plaintiff set forth three separate counts in his complaint, and the trial court devoted eight pages of its order to separately analyzing four separate claims for relief – (1) racial discrimination; (2) hostile work environment; (3) malicious harassment; and (4) intentional infliction of emotional distress. Clearly, the only one of these claims even mentioned in Plaintiff's argument section is the one for racial discrimination. Thus, any arguments regarding the other three claims are waived.[2] "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Even for the racial discrimination claim, Plaintiff's argument is lacking. His brief acknowledges that there are four separate elements that must be alleged. With respect to those four elements, the trial court found:

> To sufficiently allege a prima facie case of race discrimination under the THRA, [Plaintiff] must allege: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he was subject to an adverse employment action; and (4) he was replaced by someone outside of the protected class, or other similarly situated employees outside of the protected class were treated more favorably under similar circumstances. *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Goree v. United States Serv., Inc.*, 490 S.W.3d 419, 449 (Tenn. Ct. App. 2015) (internal citations omitted).
>
> [Defendant] submits [Plaintiff's] race discrimination claim should be dismissed because he has not sufficiently alleged the elements of a prima facie case of race discrimination. [Plaintiff] alleges he is "African-American/Black," which meets the first element. However, [Plaintiff] has not alleged any specific facts demonstrating he experienced an adverse employment action because of his race or that he was treated differently because of his race. The only allegations [Plaintiff] makes is that he "was

---

[2] After Defendant pointed out the deficiencies in Plaintiff's brief on appeal, Plaintiff filed a reply brief specifically analyzing the elements of claims for "hostile work environment racial harassment" and intentional infliction of emotional distress. However, "[i]ssues raised for the first time in a reply brief are waived." *Hughes v. Tenn. Bd. of Prob. & Parole*, 514 S.W.3d 707, 724 (Tenn. 2017).

treated by the Defendant's actions in a manner not presented to similarly situated non-African-American employees." He fails to provide any factual support or provide any examples of someone outside his protected class who likewise complained of workplace conduct and was treated differently.

[Plaintiff's] complaints of race discrimination fall squarely within the category of conclusory allegations, which the Court does not accept as true for purposes of a motion to dismiss. [Plaintiff's] allegations do not permit this Court to infer more than the mere possibility that he was treated differently because of his race, or that the Defendants were motivated by racial animus. Accordingly, [Plaintiff's] allegations of race discrimination against [Defendant] fail to state a claim upon which relief can be granted and must be dismissed.

In comparison, the only argument Plaintiff presents in his brief on appeal with respect to element four is: "The fourth element is observable by the Plaintiff due to the small contained premises of the Defendant's business and can be verified by discovery." He does not cite to any portion of the record in support of this limited argument in an effort to show how his complaint sufficiently alleged this element in order to state a claim for relief.

"It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument." *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009). Because Plaintiff presented only a skeletal argument and failed to cite to the record with respect to the fourth element of this claim, he has waived any argument with respect to that element. *See Lunsford v. K-VA-T Food Stores, Inc.*, No. E2019-01272-COA-R3-CV, 2020 WL 1527002, at *6 (Tenn. Ct. App. Mar. 31, 2020) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones."); *see also Gates v. Switzer*, No. M2021-01552-COA-R3-CV, 2023 WL 6296290, at *3 (Tenn. Ct. App. Sept. 27, 2023) ("Wife's arguments on issues four, five, and nine fail to include any citations to the record and are therefore waived pursuant to Rule 27 and Rule 6."); *Little v. City of Chattanooga*, 650 S.W.3d 326, 348, 353 (Tenn. Ct. App. 2022) (deeming various issues waived for failure to cite to the record); *Cnty. of Sumner v. Kalbes*, No. M2020-01119-COA-R3-CV, 2021 WL 4192319, at *2 (Tenn. Ct. App. Sept. 15, 2021) ("[O]ur courts have routinely held that the failure to make appropriate references to the record as required by Rule 27(a)(7) constitutes a waiver of the issue.") (quotation omitted).

Plaintiff failed to construct any argument on appeal to demonstrate that he sufficiently alleged this essential element of his claim, so we affirm the trial court's dismissal for failure to state a claim upon which relief could be granted. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 557 (Tenn. 1999) ("[W]e conclude that the plaintiff's complaint fails to allege one of the

essential elements of abuse of process—an improper act in the use of process; therefore the complaint fails to state a claim upon which relief can be granted."); *Goetz v. Autin*, No. W2015-00063-COA-R3-CV, 2016 WL 537818, at *9 (Tenn. Ct. App. Feb. 10, 2016) ("Because the amended complaint fails to allege one of the essential elements of a claim for abuse of process, it fails to state a claim for abuse of process."); *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 39 (Tenn. Ct. App. 2006) ("Having failed to establish an essential element of a claim for conspiracy, Count I cannot survive a motion to dismiss for failure to state a claim under Tenn. R. Civ. P. 12.02(6).").

### C.    Attorney Fees

Finally, Plaintiff argues that the trial court erred in awarding attorney fees to Defendant. However, his entire argument consists of three sentences, with no citations to any legal authority and only a single citation to the record, referencing an order from federal court. Therefore, this issue is waived as well. *See Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

We note that Defendant requested an award of attorney fees on appeal. However, its brief did not designate any issue for review related to such a request. Thus, the issue is waived. "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *see, e.g., City of Morristown v. Ball*, No. E2020-01567-COA-R3-CV, 2021 WL 4449237, at *9 (Tenn. Ct. App. Sept. 29, 2021) ("Generally, we consider an issue waived where it is argued in the brief but not designated as an issue. This rule has been applied countless times to requests for frivolous appeal damages.") (internal quotations omitted); *Sekik v. Abdelnabi*, No. E2019-01302-COA-R3-CV, 2021 WL 120940, at *34 (Tenn. Ct. App. Jan. 13, 2021) ("Because Wife did not raise the issue of this being a frivolous appeal or the fact that she sought her attorney's fees on appeal in her statement of the issues, we decline to award attorney's fees in this appeal."); *Slagle v. Slagle*, No. E2013-01480-COA-R3-CV, 2014 WL 631241, at *5 (Tenn. Ct. App. Feb. 18, 2014) ("As Wife failed to include the issue of frivolous appeal in her statement of the issues, this issue has been waived."); *In re Est. of Burke*, No. M2012-01735-COA-R3-CV, 2013 WL 2258045, at *6 (Tenn. Ct. App. May 21, 2013) ("As the Estate failed to include the issue of frivolous appeal in its statement of the issues, this issue has been waived."). Thus, we deem the issue waived as well.

### IV.    CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed and remanded. Costs of this appeal are taxed to the appellant, Rodney N. Washington, for which execution may issue if necessary.

- 12 -

_____
CARMA DENNIS MᴄGEE, JUDGE